■ NORTH SHORE COMMUNITY SERVICES, INC., Appellant, v COMMUNITY DRIVE LLC, Respondent. [992 NYS2d 435]—

Order, Supreme Court, New York County (Cynthia Kern, J.), entered December 23, 2013, as amended February 19, 2014, which granted defendant's motion for summary judgment on its counterclaims for use and occupancy and attorney's fees, unanimously affirmed, with costs.

Plaintiff's argument that defendant's acceptance of its tender of rent for the month following the expiration of the lease agreement created a new month-to-month tenancy under Real Property Law § 232-c is refuted by the unambiguous terms of the

lease (*see Matter of Wallace v 600 Partners Co.*, 86 NY2d 543 [1995]; *101123 LLC v Solis Realty LLC*, 23 AD3d 107 [1st Dept 2005]). Real Property Law § 232-c provides that if the landlord accepts rent for any period subsequent to the expiration of the lease term, the tenancy thereby created will be from month to month, "unless an agreement either express or implied is made providing otherwise." Article 61 of the parties' lease is such an agreement. It provides that, upon plaintiff's default of its obligation to surrender the premises at the end of the lease term, plaintiff's continued occupation of the premises, with or without defendant's consent or acquiescence, will be treated as a tenancy at will and "in no event" a tenancy from month to month. Concur—Sweeny, J.P., Moskowitz, DeGrasse, Manzanet-Daniels and Clark, JJ.